MELINDA SMITH, AS ADMINISTRATRIX, ETC., OF PETER W. SMITH, DECEASED, RESPONDENT, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, APPELLANT.

*Case and exceptions — when a resettlement of it will be ordered — the evidence should not be set forth* in hæc verba *— Rule No. 34.*

For a failure to comply with Rule 34, requiring the facts of the case, together with the rulings on the trial, to be stated in a narrative form, and providing that the evidence shall not be set forth *in hæc verba*, or by question and answer, unless so ordered by the justice, surrogate or referee by or before whom the case is settled, the case will be sent back for resettlement.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury.

*D. M. K. Johnson*, for the appellant.

*H. B. Cushney*, for the respondent.

BY THE COURT:

In *Jewell* v. *Van Steenburgh* (58 N. Y., 86), and again more strongly in *Howland* v. *Woodruff* (60 id., 73), the Court of Appeals condemned the practice of using the stenographer's minutes as the "case" on appeal. In *Mead* v. *Shea* (33 Sup. Co. N. Y. [26 Hun], 393), we sent back a case for resettlement, on this ground. Rule 34, as in force since March 1, 1881, requires that the case shall not contain the evidence in *hæc verba*, but that the facts shall be stated in narrative form. If " any particular testimony " ought to be given in *hæc verba*, the justice who settles the case may determine this.

The present case contains 870 folios. The whole of the testimony is given by question and answer, even where it is of the most unimportant character. Even the testimony in regard to the family of the deceased and his property and business, matters which are of no importance on this appeal, are all put in the case and that too, by question and answer. We have even, in the same way, the examination of a juror as to his competency, on which no question is raised in the appellant's points.

This is not the proper way to make a case. We are glad to say that, generally, cases conform to the rule and to the proper mode, better than they did some time ago. The rule has been in force long enough for counsel to practice according to it. There is probably no part of this case which should, for any reason, be made up by question and answer. If there is " any particular testimony " which it is claimed by either party should be thus given, then the justice can determine whether a proper presentation of the case requires such portion to be so stated. The rule above cited does not mean that the whole case is to be in this form, only that " particular testimony " may be so given when necessary. It may be necessary, for instance, in order to present the question of the admission of evidence. With such exceptions the case must be in narrative form.

And not only should it be in narrative form but it should contain only so much of the evidence as is necessary to present the questions of law. In the present case those questions are the negligence of defendant and the contributory negligence of the plaintiff's intestate. No question is made as to the amount of damages, and there-

fore the evidence on that point is not needed.  Probably other evidence might be mentioned which is not material on this appeal.

The present case was submitted without argument.  We could not, therefore, at the term discover how it was made up.

The case is sent back for a resettlement.

Present — LEARNED, P. J., BOARDMAN and BOOKES, JJ.

So ordered.